**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DAVID WAWRZYNSKI,** | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) **2:11-cv-1098** |
| | ) |
| v | ) |
| **H. J. HEINZ COMPANY, H.J. HEINZ** | ) |
| **COMPANY, L.P.** and **HEINZ GP LLC,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## <u>MEMORANDUM OPINON AND ORDER OF COURT</u>

Pending before the Court is DAVID WAWRZYNSKI'S MOTION TO DISMISS

COUNTERCLAIM (Doc. No. 33), with brief in support (Doc. No. 34), and Defendants' brief in

opposition (Doc. No. 37). The motion is ripe for disposition. For the reasons that follow,

Plaintiff's motion will be denied.

### Background

On December 16, 2010, Plaintiff filed a two count first amended complaint in the United

States District Court for the Eastern District of Michigan against Defendants H.J. Heinz

Company, H.J. Heinz Company, L.P., and Heinz GP, LLC (hereinafter, collectively "Heinz")

alleging claims for breach of an implied contract and unjust enrichment. Doc. No. 4. Generally

speaking, Plaintiff is an entrepreneur who holds a patent for a method in which food can be

dipped and wiped in a condiment container. *Id.* at ¶¶ 29 – 32. Plaintiff claims that he met with

Heinz research and development and marketing executives in 2008, at which time he "presented

ideas for new condiment packaging." *See* Doc. No. 34. At some point shortly thereafter, Heinz

"mysteriously and abruptly stopped communicating with Plaintiff", and subsequently unveiled

Heinz' own re-design for condiment packaging. Doc. No. 4 at ¶¶ 40 & 44. Plaintiff's claims

derive from the notion that Defendants improperly used his ideas and have not compensated him for them.

On August 25, 2011, the case was transferred from the Eastern District of Michigan to the Western District of Pennsylvania. Doc. No. 19. On September 28, 2011, Defendants answered Plaintiff's amended complaint and brought a two count counterclaim, both of which seek a declaratory judgment as to Plaintiff's patent. *See* Doc. No. 26. More specifically, with Count I of the counterclaim, Defendants seek a declaratory judgment of their non-infringement of Plaintiff's patent, while count II of the counterclaim seeks a declaratory judgment of the invalidity of the patent. On October 28, 2011, Plaintiff moved to dismiss Defendants' counterclaim (Doc. No. 33) which Defendants' oppose (Doc. No. 37).

### Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir.2008)(quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir.1993)(requiring a complaint to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam) (quoting

*Twombly*, 550 U.S. at 555, 127 S.Ct. 1955).  "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8."  *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, a court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record.  *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir.1993).  A court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n. 13 (3d Cir.1998), or credit a complaint's "'bald assertions'" or "'legal conclusions'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir.1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir.1997)).  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Ashcroft v. Iqbal*, --- U.S. ---, ---, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009).  When considering a Rule 12(b)(6) motion, a court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of the alleged claims.  *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).  The Court does not consider whether a plaintiff will ultimately prevail.  *See id.*  A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim.  *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir.2000).

Courts use the same standard in ruling on a motion to dismiss a counterclaim under Federal Rule of Civil Procedure 12(b)(6) as they do for a complaint. *See PPG Industries, Inc. v. Generon IGS, Inc.*, 760 F.Supp.2d 520, 524 (WD Pa. 2011).  In view of the appropriate legal standard, this Court must "accept as true all of the allegations in the [Defendant's counterclaims]

and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." *Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3d Cir.1989).

**Legal Analysis**

Plaintiff moves to dismiss the two count counterclaim in its entirety on the basis that the Court has no jurisdiction over either count. *See* Doc. Nos. 33 & 34. More particularly, Plaintiff contends that Defendants have not demonstrated the existence of an actual case or controversy sufficient to invoke the Declaratory Judgment Act on Defendants' patent claims because the claims in the amended complaint are not, themselves, patent claims. Doc. No. 34 at § II.B. As such, according to Plaintiff, Defendants have "not presented an actual case or controversy that is ripe for adjudication." *Id*.

"The ripeness doctrine is 'drawn from the Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction.' ... [and] serves to 'avoid[ ] ... premature adjudication' of legal questions and to prevent courts from 'entangling themselves in abstract' debates that may turn out differently in different settings." *National Park Hospitality Ass'n v. Dept. of Interior*, 538 U.S. 803, 807-08, 123 S.Ct. 2026, 2030, 155 L.Ed.2d 1017 (2003)(quotations omitted). The Declaratory Judgment Act states that "[i]n a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party." 28 U.S.C. § 2201(a). The Supreme Court has made clear in patent litigation that "the phrase 'case of actual controversy' in the Act refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126, 127 S.Ct. 764, 166 L.Ed.2d 604 (2007)(citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240, 57 S.Ct.

461, 81 L.Ed. 617 (1937)).  Consequently, a party asserting a claim under the Declaratory

Judgment Act must establish that it has standing to sue, and there exists a controversy between

the parties that is not moot and is ripe.  These considerations often "boil down to the same

question."  *See id.* at 128 n. 8, 127 S.Ct. 764.

Before 2007, the Federal Circuit applied a two-part test for determining justiciability of a

declaratory judgment action:

> There must be both (1) an explicit threat or other action by the patentee, which
> creates a reasonable apprehension on the part of the declaratory plaintiff that it
> will face an infringement suit, and (2) present activity which could constitute
> infringement or concrete steps taken with the intent to conduct such activity.

*Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1058 (Fed.Cir.1995)(quoting

BP Chems. Ltd. v. Union Carbide Corp., 4 F.3d 975, 978 (Fed.Cir.1993)).

In 2007, the Supreme Court decided *MedImmune, Inc. v. Genentech, Inc.*, *infra.*, which

rejected the Federal Circuit's rule announced in *Gen-Probe Inc. v. Vysis, Inc.*, 359 F.3d 1376

(Fed.Cir.2004), that a licensing agreement will prevent a finding of an actual controversy over

the validity of the underlying patent until the licensee stops paying royalties.  In *MedImmune*, the

plaintiff sought a declaration that the defendant's patent was invalid after the parties had entered

into a licensing agreement, one under which plaintiff had continued to pay royalties for the

patent it sought to have declared invalid. The defendant argued that as long as the royalties were

paid, the plaintiff did not have any apprehension that it would be sued by the defendant, so there

was no controversy between the parties. Noting that a purpose of the Declaratory Judgment Act

was to provide parties a vehicle for determining legal relationships without exposing themselves

to serious risk, the Supreme Court found that there was an actual controversy between the parties

because the licensee was paying royalties only under threat of a treble damages lawsuit.

Moreover, the Supreme Court noted, the licensing agreement would not require the payment of

royalties if the patent was declared invalid, and nothing in the agreement prevented a challenge to the patent's validity. Therefore, the Court concluded, plaintiff did not have to terminate or breach its licensing agreement before challenging the validity of the patent, since the potentially accused products were already at market and the alleged infringing conduct could be easily ascertained. Along the way, the Court found that the Federal Circuit's requirement that the putative infringer must face a "reasonable apprehension of imminent suit" contradicted its precedents. *MedImmune*, 549 U.S. at 132 n. 11, 127 S.Ct. 764. The Court held that the proper measure of ripeness is whether the alleged facts, "under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* at 127, 127 S.Ct. 764 (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 85 L.Ed. 826 (1941)).

In this case, the Court must consider whether the issues underlying Defendant's counterclaim are sufficiently ripe, or, in other words, whether there is a substantial controversy between the parties with adverse legal interests of sufficient immediacy and reality to allow Defendants to pursue their counterclaim. Plaintiff argues that because he is not pursuing a "patent" claim, but is instead pursuing claims of implied contract and unjust enrichment, there is no case or controversy sufficient to apply the Declaratory Judgment Act to challenge his patent. Defendants, on the other hand, argue that Plaintiff's claims are in essence "claims for breach of an implied patent license agreement thinly disguised as common law claims for breach of implied contract and unjust enrichment." Doc. No. 37. In support thereof, Defendants point to a number of factual averments upon which Plaintiff bases his claims, all of which stem from his

desire to license to Defendants his own purportedly "new" method of condiment packaging.

More specifically, Plaintiff's amended complaint alleges the following:

30.    For years, Mr. Wawrzynski has examined and worked with condiment packaging in order to develop a more effective, portable condiment delivery system.

31.    On April 29, 1996, Mr. Wawrzynski filed for a patent for Method of food article and wiping in a condiment container.

32.    On October 14, 1997, Mr. Wawrzynski was issued a patent for his Method of food article dipping and wiping in a condiment container.

33.    Based on his Patent, Mr. Wawrzynski began to market his idea for a new condiment package called the "Little Dipper." In effect, the Little Dipper was a condiment package into which you could dip a food article and the top of the container would wipe off any excess condiment back into the container.

34.    On March 13, 2008, Mr. Wawrzynski provided William Johnson, the CEO of Heinz, with a set of his promotional materials for the Little Dipper as well as a letter regarding his product.

35.    Mr. Wawrzynski's Little Dipper and associated promotional materials were developed out of his years of experience in the food delivery industry. Therefore, Mr. Wawrzynski always intended that, if someone used his design and/or his marketing materials that he would be paid for his efforts.

36.    Similar letters were sent to Patrick Macedo and Rebecca Serasini at Heinz on March 13, 2008. (Ex. C.)[1]

37.    In April of 2008, at Heinz's request, Mr. Wawrzynski met with David Sykes, from Heinz's marketing department, and John Marshall and Bill Racile for Heinz's "Innovation Center."

38.    Upon information and belief, Heinz's representatives at this April 2008 meeting understood that if they used Mr. Wawrzynski's ideas for new condiment packaging or for marketing new condiment packaging,

---

[1]    Attached to the amended complaint at exhibit C is correspondence sent from Plaintiff to Heinz employee Rebecca Serasini dated March 11, 2008, that noted, in relevant part, "Hello, My name is David Wawrzynski. … I own a method patent that can be very useful for H.J. Hainz and its customers." Doc. No. 4 at Ex. C. In a separate letter dated that same day sent to Heinz employee Patrick Macedo, Plaintiff similarly wrote, "I would like to introduce myself again as the inventor and sole owner of this method patent. It was good speaking with you and I appreciate your time. My method patent for Food Article and Dipping in Condiment Container provides convenience and cleanliness for growing concerns. This pouch and Heinz ketchup could be an excellent marriage." *Id.*

Defendant's would have to pay Mr. Wawrzynski because they never asked him to sign any agreements to the contrary. In fact, this was Mr. Wawrzynski's purpose for traveling to Heinz for the meeting.

39. With the understanding that Mr. Wawrzynski was meeting with Heinz's representatives in pursuit of profit and economic benefit, Mr. Wawrzynski was asked by Heinz to develop 100 samples for his Little Dippers for Heinz's "upcoming focus groups".

40. Although Mr. Wawrzynski was in the process of developing the products at Heinz's request, Heinz mysteriously and abruptly stopped communicating with Mr. Wawrzynski regarding his product.

…

42. When Mr. Wawrzynski did not hear back from Heinz, he decided to send another letter to Mr. Johnson on October 28, 2009. … The October 28, 2009 letter once again provided Heinz with marketing materials and diagrams for the Little Dipper.

Doc. No. 4. Additionally, Plaintiff's amended complaint references correspondence sent by Plaintiff to Heinz that specifically refers the reader to the Wawrzynski patent by its patent number (5,676,990). *Id.* at Ex. B & C.

Upon review of the allegations in the amended complaint, and the exhibits attached thereto, the Court has little difficulty determining that the issues set forth within the counterclaim by Defendants are both ripe and satisfy the "actual controversy" requirement of the Declaratory Judgment Act. The dispute is clearly definite, concrete, and touches upon the legal relations of the parties having adverse legal interests. The dispute is "real and substantial" and "admi[t] of specific relief through a decree of conclusive character, as distinguished from an opinion advising what the law would be under a hypothetical set of facts." *MedImmune*, 549 U.S. at 127 (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41, 57 S.Ct. 461, 81 L.Ed. 617 (1937)). A simple reading of the amended complaint demonstrates how Plaintiff clearly incorporated his method patent into the presentation of his product. His "Little Dipper" packet, the same product marketed to Defendants, was "based on his patent". *See* Doc. No. 4 at ¶ 33.

Further, a simple reading of the amended complaint demonstrates how Plaintiff clearly incorporated Defendants' alleged appropriation of his method patent into his claims. Plaintiff alleges that he "provided Defendants with the *ideas for new condiment packaging* and marketing the new condiment packaging for which he expected to be compensated. … Defendants received the benefit of Mr. Wawrzynski's hard work regarding and *ideas for new condiment* packaging and marketing without providing any value in return to Mr. Wawrzynski for his services." Doc. No. 4 at ¶¶ 59 & 60 (emphasis added). Those "ideas", as pled in the amended complaint, were Plaintiff's patented method for food dipping. For Plaintiff to now seek to dismiss Defendants' counterclaim on the basis that the amended complaint does not include a claim for a breach of his patent, and therefore there is no actual controversy sufficient to satisfy the Declaratory Judgment Act, simply flies in the face of the dispute at the heart of his amended complaint and controlling authority involving the Declaratory Judgment Act. As such, Plaintiff's motion to dismiss Defendants' counterclaim will be denied.

An appropriate order follows.


McVerry, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**


**DAVID WAWRZYNSKI,**       )
                                 )
                                 )
          **Plaintiff,**      )    **2:11-cv-1098**
                                 )
               **v**              )
**H. J. HEINZ COMPANY, H.J. HEINZ**   )
**COMPANY, L.P.** and **HEINZ GP LLC,**   )
                                 )
        **Defendants.**     )

## <u>ORDER OF COURT</u>

      AND NOW, this 6th day of March, 2012, in accordance with the foregoing Memorandum

Opinion it is hereby ORDERED, ADJUDGED and DECREED that DAVID WAWRZYNSKI'S

MOTION TO DISMISS COUNTERCLAIM (Doc. No. 33) is **DENIED**.

      IT IS FURTHER ORDERED that Plaintiff shall answer Defendants' counterclaim on or

before March 16, 2012.


                                       BY THE COURT:

                                        <u>s/Terrence F. McVerry</u>
                                        United States District Judge


cc:    **Eugene H. Boyle, Jr., Esquire**
       Boyle Burdett
       14950 East Jefferson
       Suite 200
       Grosse Pointe Park, MI 48230

       **Howard W. Burdett , Jr., Esquire**
       Email: burdett@boyleburdett.com

       **James L. Beausoleil , Jr., Esquire**
       Email: jlbeausoleil@duanemorris.com

**Jeffrey S. Pollack, Esquire**
Email: jspollack@duanemorris.com
**Robert L. Byer, Esquire**
Email: rlbyer@duanemorris.com
**Samuel W. Apicelli, Esquire**
Email: swapicelli@duanemorris.com
**Thomas G. McNeill, Esquire**
Email: TMcNeill@dickinsonwright.com