IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID WAWRZYNSKI,

      Plaintiff,

          v.

H. J. HEINZ COMPANY, ET AL,

      Defendants.

11cv1098
ELECTRONICALLY
FILED

**MEMORANDUM OPINION**

Plaintiff sued Defendants for breach of implied contract and unjust enrichment. Doc. No. 4. In response to Plaintiff's Amended Complaint, Defendants counterclaimed seeking declaration(s) that they did not infringe Plaintiff's patent and/or that the Plaintiff's patent is invalid. Doc. No. 26.

Plaintiff filed a Motion to Dismiss Defendants' Counterclaims. Doc. No. 33. Judge McVerry denied Plaintiff's Motion to Dismiss and ordered Plaintiff to file an Answer to the Counterclaims. Doc. No. 49. Shortly thereafter, Judge McVerry transferred this case to a Patent Panel Judge, and the case was assigned to this Court.

Plaintiff complied with Judge McVerry's Order and filed an Answer to Defendants' Counterclaims, (Doc. No. 60) but also filed a second Motion to Dismiss the Counterclaims. Doc. No. 62. It is the second Motion to Dismiss Defendants' Counterclaims that is presently before this Court.

Based upon the foregoing law and authority, Plaintiff's current Motion to Dismiss will be denied.

**I. Case History and Factual Background**

Plaintiff brought this lawsuit asserting common law claims for breach of implied contract and unjust enrichment in a state court in Michigan.  Doc. No. 1.  The case was removed by Defendant to the United States District Court for Eastern District of Michigan.  Id.

While the case was pending in federal court Michigan, Defendants filed a Motion to Dismiss, and Plaintiff filed an Amended Complaint in response.  Doc. No. 4.  Defendants then filed a Motion to Dismiss the Amended Complaint or, in the alternative, Transfer Venue to the United States District Court for the Western District of Pennsylvania.  Doc. No. 9.  In August of 2011, the Motion to Transfer Venue was granted and the matter was transferred to Judge McVerry.  Doc. Nos. 19 and 20.

On September 8, 2011, Defendants filed an Answer and Counterclaims to Plaintiff's Amended Complaint.  Doc. No. 26.  The two counterclaims raised by Defendants sought declaratory relief for non-infringement of Plaintiff's method patent (the '990 patent), and for invalidity of Plaintiff's '990 patent.  Id.

On October 28, 2011, Plaintiff filed a Motion to Dismiss Defendant's Counterclaims arguing that the ideas he shared with Defendants were "marketing ideas" and/or marketing strategies and not his patented method ideas.  Doc. Nos. 33 at pgs. 1-2 and 63 at pgs. 1-2.

On March 6, 2011, Judge McVerry denied Plaintiff's Motion to Dismiss and filed an Opinion and Order of Court to that end.  Doc. No. 49.  Judge McVerry ordered Plaintiff to file an Answer to Defendants' Counterclaims, and on March 8, 2011, transferred the case.  This matter was reassigned to this Court that same day.

On March 16, 2011, Plaintiff filed his Answer to Defendants' Counterclaims which contained admissions that Defendants had not infringed on his method ('990) patent.  Doc. No.

60.  On March 30, 2011, Plaintiff filed another Motion to Dismiss Defendants' Counterclaims.

Doc. No. 62.  In this Motion to Dismiss, Plaintiff again contends that his own claims do not arise

out of his '990 method patent.

On April 13, 2012, Defendants filed a Brief in Opposition to Plaintiff's new Motion to

Dismiss.   Doc. No. 69.  On April 4, 2012, Plaintiff filed a Reply to the Response to his Motion

to Dismiss the Counterclaims.  Doc. No. 76.  This matter is now ripe for disposition.


**II. Standard of Review**

Although Plaintiff did not expressly state that he was filing his Motion to Dismiss

Defendants' Counterclaims pursuant to Fed.R.Civ.P. 12(b)(1), Plaintiff's Brief in Support of his

Motion contends that this Court lacks subject matter jurisdiction over the Counterclaims and

thus, falls within a 12(b)(1) argument.

A party may move for dismissal pursuant to Fed.R.Civ.P. 12(b)(1) based on lack of

subject matter jurisdiction.  Under Article III of the Constitution, because courts may only

adjudicate "cases and controversies," a party must have standing to bring a claim in court.  A

challenge to a party's standing is a challenge to subject matter jurisdiction.  *PA Prison Soc'y v.*

*Cortes*, 622 F.3d 215, 229 (3d Cir.2010).  To establish standing, a party must show that: (1) he

suffered some actual or threatened injury as a result of illegal conduct by the defendant; (2) the

injury can be fairly traced to the challenged action; and (3) the injury is likely to be redressed by

a favorable decision.  *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180–81

(2000).

When analyzing a Rule 12(b)(1) challenge, the court must first determine whether the

moving party is making a facial or factual jurisdictional attack.  *CNA v. U.S.*, 535 F.3d 132, 139

(3d Cir. 2008).  "If [it] is a facial attack, the court looks only at the allegations in the pleadings and does so in the light most favorable to the [non-moving party]."  *U.S. ex rel. Atkinson v. PA. Shipbuilding Co.*, 473 F.3d 506, 513 (3d Cir.2007).  However, if it is a factual jurisdictional attack, where the moving party argues that the court lacks jurisdiction based on evidence outside of the pleadings, the court may "consider and weigh evidence outside the pleadings..."  *Id*. at 514.  A jurisdictional challenge is a factual challenge if "it concerns not an alleged pleading deficiency, but rather the actual failure of [the non-moving party's] claims to comport with the jurisdictional prerequisites."  *Id*.

In the instant matter, Plaintiff makes a factual challenge to this Court's subject matter jurisdiction as to Defendants' Counterclaims.  Thus, the Court is free to consider and weigh evidence outside the pleadings.


## III.  Discussion

Given the procedural history of this case, this Court begins by noting that Plaintiff's prior Motion to Dismiss (filed before Judge McVerry) argued that Defendants' Counterclaims had to be dismissed under Fed.R.Civ.P. 12(b)(6) for lack of jurisdiction.   Doc. No. 33.

The law of the case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983).  The law of the case doctrine directs courts to "refrain from re-deciding issues that were resolved earlier in the litigation."  *Pub. Interest Research Grp. of N.J. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 116 (3d Cir. 1997).

The relevant sections of Judge McVerry's March 6, 2012 Opinion and Order, which

denied Plaintiff's prior Motion to Dismiss, read as follows:

>    Plaintiff moves to dismiss the two count counterclaim in its entirety on the
> basis that the Court has no jurisdiction over either count.  See Doc. Nos. 33 & 34.
> More particularly, Plaintiff contends that Defendants have not demonstrated the
> existence of an actual case or controversy sufficient to invoke the Declaratory
> Judgment Act on Defendants' patent claims because the claims in the amended
> complaint are not, themselves, patent claims.  Doc. No. 34 at § II.B.  As such,
> according to Plaintiff, Defendants have "not presented an actual case or
> controversy that is ripe for adjudication."  Id.

\*        \*        \*

>    Upon review of the allegations in the amended complaint, and the exhibits
> attached thereto, the Court has little difficulty determining that the issues set forth
> within the counterclaim by Defendants are both ripe and satisfy the "actual
> controversy" requirement of the Declaratory Judgment Act.  The dispute is clearly
> definite, concrete, and touches upon the legal relations of the parties having
> adverse legal interests.  The dispute is "real and substantial" and "admi[t] of
> specific relief through a decree of conclusive character, as distinguished from an
> opinion advising what the law would be under a hypothetical set of facts."
> *MedImmunine*, 549 U.S. at 127 (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S.
> 227, 240-41, 57 S.Ct. 461, 81 L.Ed. 617 (1937)).   A simple reading of the
> amended complaint demonstrates how Plaintiff clearly incorporated his method
> patent into the presentation of his product.  His "Little Dipper" packet, the same
> product marketed to Defendants, was "based on his patent".  See Doc. No. 4 at ¶
> 33.

>    Further, a simple reading of the amended complaint demonstrates how
> Plaintiff clearly incorporated Defendants' alleged appropriation of his method
> patent into his claims.  Plaintiff alleges that he "provided Defendants with the
> ideas for new condiment packaging and marketing the new condiment packaging
> for which he expected to be compensated. . . . Defendants received the benefit of
> Mr. Wawrzynski's hard work regarding and ideas for new condiment packaging
> and marketing without providing any value in return to Mr. Wawrzynski for his
> services."  Doc. No. 4 at ¶¶ 59 & 60 (emphasis added).  Those "ideas", as pled in
> the amended complaint, were Plaintiff's patented method for food dipping.  For
> Plaintiff to now seek to dismiss Defendants' counterclaim on the basis that the
> amended complaint does not include a claim for a breach of his patent, and
> therefore there is no actual controversy sufficient to satisfy the Declaratory
> Judgment Act, simply flies in the face of the dispute at the heart of his amended
> complaint and controlling authority involving the Declaratory Judgment Act.  As
> such, Plaintiff's motion to dismiss Defendants' counterclaim will be denied.

5

Doc. No. 49, pgs. 4, 8-9.

After Judge McVerry denied Plaintiff's prior Motion to Dismiss Defendants'

Counterclaims, Plaintiff was deposed, filed an Answer to the Counterclaims, and executed a

covenant not sue Defendants for infringing his '990 patent.  Plaintiff contends that the law of the

case doctrine does not apply in this instance because the assertions he made during his

deposition, the admissions he set forth in his Answer to Defendants' Counterclaims, and his

execution of a covenant not to sue, strips this Court of subject matter jurisdiction over those

Counterclaims.  This Court disagrees and notes that the issue presently before this Court is the

same issue Plaintiff raised several months ago when the case was before Judge McVerry.

As noted in Judge McVerry's Opinion and Order, despite the fact that Plaintiff's

Amended Complaint raised two common law claims, the Amended Complaint is replete with

references to his '990 patent.  For example, Plaintiff's Amended Complaint states:

> 30. For years, Mr. Wawrzynski has examined and worked with condiment
> packaging in order to develop a more effective, portable condiment delivery
> system.

> 31. On April 29, 1996, Mr. Wawrzynski filed for a patent for Method of
> food article and wiping in a condiment container.

> 32. On October 14, 1997, Mr. Wawrzynski was issued a patent for his
> Method of food article dipping and wiping in a condiment container.

> 33. Based on his ['990] Patent, Mr. Wawrzynski began to market his idea
> for a new condiment package called the "Little Dipper." In effect, the Little
> Dipper was a condiment package into which you could dip a food article and the
> top of the container would wipe off any excess condiment back into the container.

> 34. On March 13, 2008, Mr. Wawrzynski provided William Johnson, the
> CEO of Heinz, with a set of his promotional materials for the Little Dipper as well
> as a letter regarding his product.

> 35. Mr. Wawrzynski's Little Dipper and associated promotional materials
> were developed out of his years of experience in the food delivery industry.

Therefore, Mr. Wawrzynski always intended that, if someone used his design and/or his marketing materials that he would be paid for his efforts.

Doc. No. 4.  In addition, under the subheading "Count I - Breach of Implied Contract" Plaintiff's

Amended Complaint reads:

> 52. When Mr. Wawrzynski met with Defendants' representatives regarding a new concept for a condiment package, the parties understood that if Defendants used his ideas for new condiment packaging or for marketing the new condiment packaging, Defendants would compensate Mr. Wawrzynski for the reasonable value of his ideas and services rendered to Defendants relative to the value received by Defendants.

Id.

In contrast to the assertions made in his Amended Complaint, Plaintiff's Answer to

Defendants' Counterclaims reads as follows:

> 21.     Mr. Wawrzynski denies that he has stated a breach of implied license claim.  Rather, Mr. Wawrzynski has stated a claim for breach of the implied contract with [Defendants] for [Defendants'] use of his product and marketing ideas presented to [Defendant that are separate an independent from his patent.  Mr. Wawrzynski admits that the "Dip  &Squeeze" does not infringe on his ['990] patent.

> 22.     Mr. Wawrzynski admits that the "Dip & Squeeze" does not infringe on his ['990] patent.

> 23.     . . . Mr.Wawrzynski avers that there is no case in controversy regarding the '990 Patent because he admits that Heinz is not infringing on it.

Doc. No. 60.

Plaintiff's current position (as set forth in his Memorandum in Support of his Motion at

doc. no. 63) suggests that this Court lacks subject matter jurisdiction over Defendants' patent

Counterclaims because: (1) he has admitted in his Answer to the Counterclaims (and during his

deposition) that despite allegations in his Amended Complaint to the contrary, he is not suing

Defendants for infringement of his '990 patent; and (2) he executed a covenant not to sue

Defendants for any alleged infringement of his '990 patent.  Plaintiff contends this evidence –

all of which he manufactured in recent weeks – strips this Court of its subject matter jurisdiction by eliminating any controversy surrounding the '990 patent.

However, Plaintiff's admissions are incongruent with certain assertions made by Plaintiff in his Amended Complaint, as quoted above and at greater length in Judge McVerry's Opinion. Those assertions set forth in Plaintiff's Amended Complaint formed the basis for Judge McVerry's denial of Plaintiff's prior Motion to Dismiss the patent Counterclaims, and those same assertions remain unaltered by Plaintiff's most recent admissions and covenant not to sue. Simply put, his new statements do not negate or eliminate those made in his prior pleading (the Amended Complaint), they merely co-exist along with the prior averments.

Moreover, Plaintiff has made precisely the same argument before this Court as he did before Judge McVerry – he contends that there is no controversy (and thus no subject matter jurisdiction) surrounding Defendants' Counterclaims.  When he was before Judge McVerry, he argued without the benefit of the self-manufactured evidence (*i.e.* his admissions and his covenant not sue) that he now proffers to this Court.  Again, this evidence does not change the fact that Plaintiff's Amended Complaint avers that "[b]ased on his ['990] Patent," Plaintiff "began to market his idea for a new condiment package" to Defendants; nor does it change that this averment (and other similar averments in the Amended Complaint) formed the basis for the denial of the prior Motion to Dismiss.

## IV.  Conclusion

Thus, the law of the case doctrine applies here because: (1) the issue presented by Plaintiff (*i.e.* whether the Counterclaims raise a justiciable controversy, one that is not moot and is ripe); and (2) the basis upon which Judge McVerry concluded that such a justiciable

controversy existed (*i.e.* the factual averments set forth in Plaintiff's Amended Complaint), remain unchanged, although they now appear to be contradicted by Plaintiff's subsequent admissions.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:    All Registered ECF Counsel and Parties