IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID WAWRZYNSKI,

    Plaintiff,

v.

H. J. HEINZ COMPANY, ET AL,

    Defendants.

11cv1098
ELECTRONICALLY
FILED

**MEMORANDUM OPINION GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO COUNT ONE, NON-INFRINGMENT OF PATENT, AND TO VOLUNTARILY WITHDRAW COUNT TWO, INVALIDITY (DOC. NO. 86)**

Plaintiff sued Defendants for breach of implied contract and unjust enrichment pertaining to a device used to dispense ketchup. Doc. No. 4. In response to Plaintiff's Amended Complaint, Defendants counterclaimed seeking a declaration that they did not infringe Plaintiff's patent and/or that Plaintiff's patent is invalid. Doc. No. 26.

Plaintiff filed a Motion to Dismiss the Defendants' patent-law based Counterclaims. Doc. No. 62. Defendants' previously filed a Motion for Summary Judgment contending that Plaintiff's claims for breach of implied contract and unjust enrichment were preempted by federal patent law. Doc. No. 67. The Court denied Plaintiff's Motion to Dismiss the Counterclaims and granted Defendant's Motion for Summary Judgment finding that Plaintiff's common law claims were preempted by federal patent law. Doc. Nos. 78, 84. After these decisions were reached, all that remained to this case was Defendants' Counterclaims seeking a declaration that they did not infringe Plaintiff's patent and/or that Plaintiff's patent is invalid.

Currently before the Court is Defendants' Partial Motion for Summary Judgment contending that judgment should be entered in their favor on its counterclaim for non-

infringement of Plaintiff's patent. Doc. No. 86. Defendants have also moved to dismiss their counterclaim as to invalidity. Id.

Plaintiff timely filed his Brief in Opposition to Defendants' Motion for Partial Summary Judgment of the Non-Infringement Claim and Voluntary Dismissal of the Invalidity Claim. Doc. No. 89. Plaintiff contends that this Court has no subject matter jurisdiction because Plaintiff continues to claim that he sued Defendants for using his "evolved" ideas, and these ideas were not the subject of his patent. Id.

In their Reply Brief, Defendants note that the Court has twice rejected Plaintiff's lack of subject matter jurisdiction argument[1] and notes that their Motion only seeks summary judgment as to their non-infringement counterclaim (Count I), and asks to voluntarily withdraw its invalidity counterclaim (Count II). Doc. No. 90.

With briefing concluded, this matter is ripe for adjudication.

---

[1] This case was originally assigned to Judge McVerry, who denied Plaintiff's Motion to Dismiss Defendant's patent-related Counterclaims on the basis of lack of subject matter jurisdiction, and instead, ordered Plaintiff to file an Answer. See Doc. Nos. 33 and 49. Shortly thereafter, Judge McVerry transferred this case to a Patent Panel Judge, and it was assigned to this Court. Once before this Court, Plaintiff filed an Answer to the Counterclaims, but also filed a second Motion to Dismiss the Counterclaims claiming this Court lacked subject matter jurisdiction over the patent-related Counterclaims. See Doc. Nos. 60 and 62. As noted above, this Court denied Plaintiff's Second Motion to Dismiss the Counterclaims. Doc. No. 78.

## I. Factual and Procedural Background

The following material and uncontested facts were set forth in this Court's prior Opinion (doc. no. 84):

Plaintiff is the owner of a method patent which patented his idea for dipping French fries (and/or other food items) into a ketchup or other condiment container (hereinafter, the '990 patent). Doc. No. 34-1. The "method" that Plaintiff patented in the '990 patent was a "method" that would allow a diner to dip a French fry (or other item) into a condiment container, obtain some condiment on the item, and then "wipe" any excess condiment from the item upon its removal from the container. Id.

Plaintiff and Defendants agree that Plaintiff met with various representatives of Defendants and corresponded with representatives of Defendants with respect to the development of a ketchup container. Doc. Nos. 4-2 to 4-7. Subsequent to meeting and corresponding with one another, Defendants manufactured and marketed the "Dip and Squeeze" container for ketchup.

Plaintiff filed a lawsuit against Defendants claiming Defendants breached an implied contract with him and were unjustly enriched by their marketing of the "Dip and Squeeze," which was predicated (per Plaintiff) on his ideas and patent. Doc. No. 4.

In his Amended Complaint, Plaintiff stated:

30. For years, Mr. Wawrzynski has examined and worked with condiment packaging in order to develop a more effective, portable condiment delivery system.

31. On April 29, 1996, Mr. Wawrzynski filed for a patent for Method of food article and wiping in a condiment container.

32. On October 14, 1997, Mr. Wawrzynski was issued a patent for his Method of food article dipping and wiping in a condiment container.

3

33. Based on his Patent, Mr. Wawrzynski began to market his idea for a new condiment package called the "Little Dipper." In effect, the Little Dipper was a condiment package into which you could dip a food article and the top of the container would wipe off any excess condiment back into the container.

34. On March 13, 2008, Mr. Wawrzynski provided William Johnson, the CEO of Heinz, with a set of his promotional materials for the Little Dipper as well as a letter regarding his product.

35. Mr. Wawrzynski's Little Dipper and associated promotional materials were developed out of his years of experience in the food delivery industry. Therefore, Mr. Wawrzynski always intended that, if someone used his design and/or his marketing materials that he would be paid for his efforts.

\* \* \*

52. When Mr. Wawrzynski met with Defendants' representatives regarding a new concept for a condiment package, the parties understood that if Defendants used his ideas for new condiment packaging or for marketing the new condiment packaging, Defendants would compensate Mr. Wawrzynski for the reasonable value of his ideas and services rendered to Defendants relative to the value received by Defendants.

See Doc. No. 4.

However, despite Plaintiff's Amended Complaint allegations which clearly reference his '990 patent, Plaintiff, in his Answer to Defendants' Counterclaims, states that he is not suing Defendants for infringement of his patent. Doc. No. 60, ¶ 1. Plaintiff made similar statements in his deposition. Doc. No. 63-2. In addition, Plaintiff executed a covenant not to sue Defendants for any alleged infringement of his '990 patent. Doc. No. 63-3.

## II. Standard of Review

Summary judgment should be granted if, drawing all inferences in favor of the non-moving party, "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c)(2). A fact is "material" if proof of its existence or non-existence might affect the outcome of the suit under applicable law. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248, (1986). "Facts that could alter the outcome are material facts." *Charlton v. Paramus Bd. of Educ.*, 25 F.3d 194, 197 (3d Cir.1994). In deciding whether there is a disputed issue of material fact, the court must grant all reasonable inferences from the evidence to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Penn. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir.1995). The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

Once the moving party has properly supported its showing that there is no triable issue of fact and demonstrated an entitlement to judgment as a matter of law, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita*, 475 U.S. at 586. The non-moving party must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

In summary, the inquiry under a Rule 56 motion is whether the evidence of record presents a genuine dispute over material facts so as to require submission of the matter to a jury

for resolution of that factual dispute or whether the evidence is so one-sided that the movant must prevail as a matter of law. It is on this standard that the court has reviewed the Defendants' Motion for Partial Summary Judgment regarding their non-infringement counterclaim.

## III. Discussion

### A. Subject Matter Jurisdiction

Under Article III of the Constitution, this Court only has jurisdiction to hear cases-or-controversies. As the United States Court of Appeals for the Federal Circuit has recognized, the United States Supreme Court has held that the dispute must be "definite and concrete, touching the legal relations of parties having adverse legal interests, real and substantial, and admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Ass'n for Molecular Pathology v. U.S. Patent and Trademark Office et al*, 653 F.3d 1329, 1342-43 (Fed. Cir. 2011) *quoting MedImmune, Inc. v. Genetech, Inc.*, 549 U.S. 118, 127 (2007) (internal quotation marks omitted) (alteration in original) *vacated on other grounds sub nom, Ass'n for Molecular Pathology v. Myriad Genetics, Inc.,* 132 S.Ct. 1794 (2012).

The Court of Appeals for the Federal Circuit has also held that, "to establish an injury in fact traceable to the patentee, a declaratory judgment plaintiff must allege both (1) an affirmative act by the patentee related to the enforcement of his patent rights . . . and (2) meaningful preparation to conduct potentially infringing activity." *Molecular Pathology,* 653 F.3d at 1343, *citing SanDisk Corp. v. STMicroelecs., Inc.,* 480 F.3d 1372, 1380–81 (Fed. Cir. 2007); *Cat Tech LLC v. TubeMaster, Inc.,* 528 F.3d 871, 880 (Fed. Cir. 2008).

In the case at bar, the Court has twice declined to dismiss the Defendants' patent Counterclaims predicated upon lack of subject matter jurisdiction. See Doc. Nos. 49 and 78. Despite these prior rulings, Plaintiff continues to contend that this Court has no subject matter jurisdiction over the patent Counterclaims arguing that, "there has, nor will there ever be, a case in controversy to establish jurisdiction." Doc. No. 89, at p. 4. In support of this contention, Plaintiff points to his Answer to Defendants' Counterclaims wherein he admitted that Defendants' product, the "Dip and Squeeze," did <u>not</u> infringe on his patent. Doc. No. 60, ¶¶ 1, 3.

Plaintiff argues that because he admitted that the "Dip and Squeeze" product does not infringe on his patent, Defendants' counterclaim for non-infringement must be dismissed because it fails to raise a justiciable controversy (one that is ripe and not moot). Simply put, he (again) claims this Court has no authority to adjudicate this claim for patent infringement.

Plaintiff's Amended Complaint attempted to assert common law claims. This Court, in its Opinion granting summary judgment in favor of Defendants (doc. no. 84), found those common law claims were subsumed by the federal body of law governing patents. The Court made this determination based, in part, upon the allegations Plaintiff set forth in his Amended Complaint referencing his patent, upon which his "evolved" ideas were predicated, and allegedly marketed to Defendants. Doc. No. 84. However, the Court also concluded that Plaintiff's common law claims were preempted by patent law because Plaintiff was seeking patent-law remedies for his state-law claims. Id. at p. 9. Thus, in reaching its conclusion, this Court did not broadly determine that a common law claim for breach of implied contract and/or unjust enrichment cannot exist outside the confines of federal patent law. The Court only found, given the allegations raised by Plaintiff in his Amended Complaint, coupled with the

7

relief sought by Plaintiff, that his two common law claims were, as pled, subsumed by federal patent law.

Now that the common law claims have been dismissed by Court Order (doc. no. 85), Plaintiff seems to suggest that the factual averments referencing his patent in his Amended Complaint are no longer before the Court. See doc. no. 89, pp. 4-5. Plaintiff suggests the only evidence this Court should consider is his covenant not to sue for infringement of his patent and his deposition testimony to same effect. Id.

However, the Court by issuing its earlier Opinion and Order granting Summary Judgment (doc. nos. 84 and 85) did not find that Plaintiff did not have a claim; rather, the Court found that Plaintiff's claims were preempted by federal patent law. Any affirmative statement made by Plaintiff in any pleading (*i.e.* his Amended Complaint, his Answer to Defendants' Counterclaims, etc.) is still part of this case and may be considered with regard to the current Motion for Partial Summary Judgment.

As noted in this Court's prior Opinions (doc. nos. 78 and 84), the record in this case contains conflicting evidence regarding whether Plaintiff's patent was infringed by Defendants. Plaintiff's Amended Complaint contains certain averments which suggest infringement took place and Plaintiff demanded relief based, in part, on those assertions; however, Plaintiff's Answer to Defendants' Counterclaims, along with his covenant not to sue and his deposition testimony provide evidence to the contrary.

Thus, given the conflicting evidence provided by Plaintiff, this Court concludes that there is, in fact, a justiciable controversy (meaning one that is ripe and not moot) and that given the very unusual set of facts (in the form of Plaintiff's conflicting averments of record), this Court is not divested of its subject matter jurisdiction as to the infringement counterclaim.

In addition, the fact that Plaintiff sued Defendants (albeit under common law as opposed to patent law) is evidence of an affirmative act by the patentee related to the enforcement of his patent rights – in light of this Court's Opinion on Defendants' prior Motion for Summary Judgment finding the common law claims to be subsumed by patent law. Thus, the first prong of the *Molecular Pathology* case referenced above has been met. In addition, the parties agree that Defendants are already manufacturing and marketing the "Dip and Squeeze" which would satisfy the second portion of the *Molecular Pathology* test with regard to conducting potentially infringing activity. Accordingly, because both prongs of this test are met, this Court possesses subject matter jurisdiction over the infringement Counterclaim.

**B. Merits of the Motion for Partial Summary Judgment on Infringement**

As noted above, drawing all inferences in favor of the non-moving party, there is conflicting evidence as to whether Defendants infringed on Plaintiff's patent. However, both sides of the conflicting evidence were provided by Plaintiff, the non-moving party.[2]

In his Amended Complaint, Plaintiff noted as follows:

> 31. On April 29, 1996, Mr. Wawrzynski filed for a patent for Method of food article and wiping in a condiment container.
>
> 32. On October 14, 1997, Mr. Wawrzynski was issued a patent for his Method of food article dipping and wiping in a condiment container.
>
> 33. Based on his ['990] Patent, Mr. Wawrzynski began to market his idea for a new condiment package called the "Little Dipper." In effect, the Little

---

[2] The "sham affidavit doctrine" would not apply here because: (1) the documents supplied by Plaintiff after he filed his Amended Complaint were not affidavits contradicting other individuals' testimony; and (2) they were not filed to defeat Defendants' Motion for Summary Judgment; rather, they were filed in an attempt to strip this Court of subject matter jurisdiction with respect to the patent counterclaims. Although this is an equally spurious reason to file such documents, the Court finds that this doctrine is inapplicable given the doctrine's purpose.

> Dipper was a condiment package into which you could dip a food article and the top of the container would wipe off any excess condiment back into the container.
>
> 34. On March 13, 2008, Mr. Wawrzynski provided William Johnson, the CEO of Heinz, with a set of his promotional materials for the Little Dipper as well as a letter regarding his product.

Doc. No. 4.

However, <u>after</u> filing his Amended Complaint, Plaintiff: (1) entered in to a covenant not to sue Defendants for patent infringement (doc. no. 89-3); (2) testified that he would not sue Defendants for infringement of his patent (doc. no. 89-2, p. 29:15-17); and (3) filed an Answer to Defendants' Counterclaims stating that Defendants did not infringe on his patent. Doc. No. 60, ¶¶ 1, 21 and 22 ("[Plaintiff] admits that the 'Dip & Squeeze' does not infringe his patent.").

Thus, given Plaintiff's post-Amended Complaint admissions that Defendants' product does not infringe on his patent, the Court finds that this evidence is sufficient to rebut any implied statement supplied by Plaintiff to the contrary in his Amended Complaint.

Moreover, given that Plaintiff, the non-moving party, made the assertions in an affirmative fashion – *i.e.*, he made them voluntarily and of his own accord in contrast to failing to respond to a set of Request for Admissions – this also weighs heavily in favor of granting Defendants' Motion for Partial Summary Judgment.

Accordingly, the Court finds that all material evidence of record supports a conclusion that Defendants did not infringe Plaintiff's patent, and thus, the Court will enter summary judgment in this regard. The effect will be to grant judgment on behalf of Defendants with respect to Count I of their Counterclaims and the Court will issue a declaration of non-infringement of Plaintiff's patent by the "Dip and Squeeze."

### C. Counterclaim for Patent Invalidity

Defendants did not move for summary judgment on their patent invalidity counterclaim. Instead, they moved to voluntarily dismiss this claim without prejudice. The Court will grant their Motion to Voluntarily Dismiss the Invalidity Counterclaim (filed as part of their Motion for Partial Summary Judgment, doc. no. 86).

**IV. Conclusion**

In sum, the Court finds that it has subject matter jurisdiction over the matter presently before it. Defendant's Motion for Partial Summary Judgment on their Counterclaim for Patent Infringement (Count I) will be granted. In addition, Defendant's Motion for Voluntary Dismissal of their Counterclaim for Invalidity of Patent (Count II) will be granted without prejudice. An appropriate Order follows.

                s/ Arthur J. Schwab
                Arthur J. Schwab
                United States District Judge

cc: All Registered ECF Counsel and Parties