# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID WAWRZYNSKI,

    Plaintiff,

v.

H. J. HEINZ COMPANY, ET AL,

    Defendants.

11cv1098
ELECTRONICALLY
FILED

## MEMORANDUM OPINION AND ORDER

Presently before the Court is Plaintiff's Motion to Remove the case from the Patent Pilot Program and Transfer this matter to Judge Terrence F. McVerry. Doc no. 109. Plaintiff filed a Brief in Support his position (doc. no. 110) and Defendant filed a Response (doc. no. 111), making the matter ripe for disposition.

Plaintiff originally filed his breach of implied contract and unjust enrichment case in a state court in Michigan. See, doc. no. 1. Defendant removed the case to the United States District Court for the Eastern District of Michigan. Id. The District Court for the Eastern District of Michigan transferred the case to the United States District Court for the Western District of Pennsylvania. Id.

Upon transfer to this Court, the Clerk of this Court, utilizing the random assignment process outlined in Local Rule 40(C), assigned Judge Terrence F. McVerry to preside over the matter. On September 28, 2011, after Judge McVerry was assigned, Defendants filed an Answer and Counterclaim to Plaintiff's Amended Complaint. Doc. no. 26. Plaintiff filed a Motion to Dismiss the Counterclaims. Doc. no. 33. On March 6, 2012, Judge McVerry denied

Plaintiff's Motion to Dismiss Defendants' Counterclaims and required Plaintiff to file an Answer to the Counterclaims by March 16, 2012. Doc. no. 49.

On March 7, 2012, Judge McVerry issued an Order recusing himself from this case, finding that Defendants' Counterclaims sought a declaration of patent non-infringement and invalidity of patent, and held that this matter should be adjudicated in accordance with the Court's Patent Pilot Program. Doc. no. 53. Accordingly, the matter was transferred to the Patent Pilot Program, and the undersigned was assigned as the Judge in this case. See text entry dated March 8, 2012. Notably, Plaintiff did not contest the placement of the case into the Patent Pilot Program at that time.

Shortly thereafter, and in compliance with Judge McVerry's prior Order concerning his Motion to Dismiss, on March 16, 2012, Plaintiff filed an Answer and Affirmative Defenses to Defendants' Counterclaims. Doc. no. 60. However, on March 30, 2012, again filed a Motion to Dismiss the Counterclaims. Doc. no. 62. On April 27, 2012, this Court denied Plaintiff's Motion to Dismiss the Counterclaims based upon the law of the case doctrine. See Opinion, at doc no. 78.

In the interim, on April 13, 2012, Defendants filed a Motion for Summary Judgment arguing, in part, that Plaintiff's breach of implied contract and unjust enrichment claims were preempted by federal patent law. Doc. no. 67. Ultimately, this Court agreed that Plaintiff's common law claims were preempted and therefore, on May 16, 2012, the Court granted the Defendants' Motion for Summary Judgment. See doc nos. 84-85.

Defendants then filed a second Motion for Partial Summary Judgment as to their Counterclaim related to non-infringement of Plaintiff's patent, and filed a separate Motion

seeking to voluntarily withdraw their counterclaim for invalidity. See doc. no. 86. On June 20, 2012, this Court granted both Motions. Doc. nos. 91-92.

On July 11, 2012, Plaintiff timely filed a Notice of Appeal to the United States Court of Appeals for the Federal Circuit. Doc. no. 95. On September 6, 2013, the Court of Appeals for the Federal Circuit issued an Opinion and Mandate transferring the case to the United States Court of Appeals for the Third Circuit. Doc nos. 97-99. In reaching its decision to transfer the matter the Court of Appeals for the Third Circuit, the Court of Appeals for the Federal Circuit held in relevant part:

> The central dispute between the parties is whether Mr. Wawrzynski's complaint alleges a patent issue at all. Heinz contends that it does; Mr. Wawrzynski contends that it does not. The outcome of this dispute directly affects our jurisdiction to decide the appeal, and we *sua sponte* directed the parties to address the question of jurisdiction. Both parties assert that we do have jurisdiction – albeit under different theories. For the reasons that follow, we conclude that both parties are mistaken because, under the law that applied when this suit was filed, our subject matter jurisdiction over patent disputes derives solely from the complaint, not from any counterclaim. Therefore, we do not have jurisdiction over the merits of this appeal, and order it transferred to the circuit court with general jurisdiction, the United States Court of Appeals for the Third Circuit.

Doc. no. 97, p. 2.

On July 21, 2014, the Court of Appeals for the Third Circuit vacated this Court's May 16, 2012 Order. In so doing, the Court of Appeals held that Plaintiff's claims were not preempted by federal patent law. Doc. no. 102-1. Accordingly, the Court of Appeals also vacated this Court's June 20, 2012 Order granting summary judgment to Defendants, and remanded this case to this Court. Id.

A Mandate was entered on the docket in August 12, 2014, and on August 13, 2014, this Court ordered Plaintiff to file a Second Amended Complaint consistent with the Opinion issued by the Court of Appeals for the Third Circuit. On August 21, 2014, this Court scheduled an

3

initial case management conference (which was rescheduled at the Parties' request) for November 6, 2014. Doc. no. 105. Plaintiff timely filed his Second Amended Complaint on August 27, 2014 (doc. no. 107) and Defendants filed an Answer to same – devoid of any Counterclaims – on September 9, 2014. Doc. no. 112.

However, in the interim, Plaintiff filed the instant Motion to have this matter transferred from the undersigned to Judge McVerry, arguing that because it has been determined that federal patent law does not preempt Plaintiff's claims, this case does not belong within the Patent Pilot Program, and thus, the District Court Judge first assigned to the matter via random selection – Judge McVerry – should handle this case. This Court shall decline to transfer this case for the following reasons.

First, since the time that Judge McVerry was initially, randomly assigned to this matter in accordance with the Local Rules for the Western District of Pennsylvania, he has taken "senior status" which impacts his case load and "wheel assignments."

Second, the United States District Court for the Western District is currently short-handed due to the untimely death of its former Chief Judge, Gary Lancaster, the resignation of Former Chief Judge, Sean McLaughlin, and other Judges in this District attaining senior status.

Third, and most importantly, this Court is intimately familiar with the issues presented in this case. This Court can judiciously and expeditiously bring this case to trial in the near future a fashion that is fair to the Parties who have been waiting for over well over two years to achieve a resolution to their dispute. Moreover, although the undersigned serves a Judge in Patent Pilot Program, this Court also carries a caseload – both civil and criminal matters – which are not part of the Patent Pilot Program. Therefore, given the undersigned's familiarity with this case, this Court's ability and willingness to manage this case in a timely and justiciable

4

manner, and the amount of time that has already been expended waiting on transfers from one court to another as well as on appeal, the Court will deny the portion of Plaintiff's Motion that seeks to transfer this case to Judge McVerry.

However, given the Opinion of the Court of Appeals for Third Circuit, this Court agrees that this case no longer belongs in the Western District of Pennsylvania's Patent Pilot Program. Accordingly, this Court will remove this case from the Program, and grant Plaintiff's Motion in this regard.

**ORDER OF COURT**

AND NOW this 18th day of September, 2014, the Court **GRANTS in part** and **DENIES in part** Plaintiff's Motion to Remove the case from the Patent Pilot Program and Transfer Case Back to The Originally Assigned Judge, Terrence F. McVerry (doc. no. 109) as follows:

The Court **GRANTS** Plaintiff's request that this case be removed from the Court's Patent Pilot Program; but

The Court **DENIES** Plaintiff's request that this case be transferred back to Judge McVerry for all of the reasons set forth above.

> s/Arthur J. Schwab
> Arthur J. Schwab
> United States District Judge

cc: All Registered ECF Counsel and Parties